# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| § | CASE NO. 6:13-CR-39-JCB |
| vs. § | |
| § | |
| § | |
| § | |
| MICHAEL DANGELIO JOHNSON (4) § | |

### REPORT AND RECOMMENDATION
### ON REVOCATION OF SUPERVISED RELEASE

On October 3, 2022, the Court held a final revocation hearing on a Petition for Warrant or Summons for Offender under Supervision. The Government was represented by Assistant United States Attorney Mary Ann Cozby. Defendant was represented by Assistant Federal Defender Matt Millslagle.

*Background*

After pleading guilty to the offense of Interference with Commerce by Threats or Violence – Hobbs Act, a Class C felony, Defendant Michael Dangelio Johnson was sentenced on December 9, 2014 by United States District Judge Michael H. Schneider. The offense carried a statutory maximum imprisonment term of 20 years. The guideline imprisonment range, based on a total offense level of 29 and a criminal history category of I, was 87 to 108 months. Defendant was sentenced to 100 months of imprisonment to be followed by a 3-year term of supervised release. Defendant's supervision is subject to the standard conditions of release, plus special conditions to include payment of any financial penalty, financial disclosure, limitations on incurring credit without approval, acquiring a GED, and drug abuse testing and treatment.

The case was reassigned to United States District Judge J. Campbell Barker on March 9, 2020. Defendant completed his term of imprisonment and started his term of supervised release

on April 24, 2020. The Court modified Defendant's supervised release conditions on June 29, 2020 to include mental health treatment. On June 8, 2021, the probation officer filed a petition alleging violations of the supervised release conditions and seeking to revoke Defendant's supervised release. In response to a subsequent modification request, the Court modified Defendant's conditions to include 180 days in a residential reentry center or similar facility, in a community corrections component, and granted an agreed motion to dismiss the pending revocation petition without prejudice. The probation officer subsequently filed the 1st Amended Petition on June 17, 2022.

*Allegations*

In the 1st Amended Petition seeking to revoke Defendant's supervised release, United States Probation Officer Wesley Basham alleges that Defendant violated the following conditions of supervised release:

1. **Allegation 1 (standard condition 3): The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.** It is alleged that a personal home visit was conducted on March 1, 2021. During this home visit, Supervising U.S. Probation Officer Charley Fuller met with Defendant stressing to him the importance of making himself available for all future visits by the probation office. On May 5, 2021, Defendant emailed the probation office to confirm that he would be available for a home visit on May 6, 2021. The U.S. Probation Office made several unsuccessful attempts to conduct a home visit with Defendant on May 6, 2021, but was unable to locate him.

2. **Allegation 2 (standard condition 7): The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician.** It is alleged that Defendant tested positive for methamphetamine on June 22, 2020 and again on June 5, 2021.

3. **Allegation 3 (standard condition 9): The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.** It is alleged that during a June 5, 2021 home visit, Defendant admitted that he received some gummies (edibles) from an individual named Delmond Cashad McCuin.

4. **Allegation 4 (special condition): The defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office until such time as the defendant is released from the program by the probation officer.** It is alleged that Defendant was unsuccessfully discharged from substance abuse treatment on September 30, 2020.

5. **Allegation 5 (special condition): The defendant shall make restitution in the total amount of $45,413.79 to Louise Barnett and CMS (Medicare). The restitution is to be paid Joint and Several with Jonathon Roshard Brown, Maurice Deshun Jones; and Willie Duane Rogers.** It is alleged that, as of July 7, 2021, the overall balance owed towards restitution is $41,986.59.

6. **Allegation 6 (special condition): The defendant must reside in a residential reentry center or similar facility, in a community corrections component, for a period of 180 days to commence at a time determined by the probation office. The defendant must abide by the rules and regulations of the center. During the 180-day placement, the subsistence fees owed to the residential reentry center will be waived in full, but the defendant will be required to pay 25% of his gross earnings towards a savings account.** It is alleged that Defendant left the County Rehabilitation Center in Tyler, Texas, at 9:10 p.m. on July 5, 2021 without permission. The incident report states that Defendant entered the front lobby with a backpack and said "I have to go."

7. **Allegation 7 (mandatory condition): The defendant shall not commit another federal, state, or local crime.** It is alleged that an arrest warrant was issued on April 11, 2022 by a Municipal Court Judge in Jacksonville, Texas, for the offense of Assault Causing Bodily Injury (Family Violence), a Class A Misdemeanor, Texas Penal Code 22.01. It is also alleged that Defendant was arrested on May 4, 2022 by the Tyler Police Department for Possession of a Controlled Substance Penalty Group 1 (methamphetamine), Texas Health and Safety Code 481.115; Possession of Drug Paraphernalia, Texas Health and Safety Code 481.125; and Failure to Identify, Texas Penal Code 38.02.

### *Applicable Law*

According to 18 U.S.C. § 3583(e)(3), the Court may revoke the term of supervised release and require a Defendant to serve in prison all or part of the term of supervised release without credit for the time previously served under supervision, if it finds by a preponderance of the evidence that Defendant violated a term of supervised release. Supervised release shall be revoked upon a finding of a Grade A or B supervised release violation. U.S.S.G. § 7B1.3(a)(1). In the present case, Defendant's original offense of conviction was a Class C felony. Accordingly, the

maximum imprisonment sentence that may be imposed is 2 years of imprisonment. 18 U.S.C. § 3583(e).

Under the Sentencing Guidelines, which are non-binding,[1] if the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by possessing methamphetamine or committing the offense of Possession of a Controlled Substance Penalty Group 1 (methamphetamine) as alleged in the petition, he is guilty of a Grade B violation. U.S.S.G. § 7B1.1(a). Defendant's original criminal history category was I. The guidelines provide that Defendant's guideline range for a Grade B violation is 4 to 10 months of imprisonment. If the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by failing to make himself available for a home visit, testing positive for methamphetamine, accepting edibles, being unsuccessfully discharged from substance abuse treatment, failing to pay towards restitution, committing the offense of Assault Causing Bodily Injury (Family Violence), a Class A Misdemeanor, and committing the offenses of Possession of Drug Paraphernalia and Failure to Identify as alleged in the petition, he is guilty of a Grade C violation. U.S.S.G. § 7B1.1(a). With Defendant's original criminal history category of I, the guidelines provide a guideline range of 3 to 9 months of imprisonment for a Grade C violation.

### *Hearing*

On October 3, 2022, Defendant appeared for a final revocation hearing. Assistant United States Attorney Mary Ann Cozby announced that Defendant and the Government reached an agreement for Defendant to enter a plea of true to the portion of Allegation 7 of the petition alleging

---

[1] The United States Sentencing Guidelines as applied to revocations of supervised release "have always been non-binding, advisory guides to district courts in supervised release revocation proceedings." *United States v. Brown*, 122 Fed.Appx. 648, 2005 WL 518704, slip op. p.1 (citing *United States v. Davis*, 53 F.3d 638, 642 (5th Cir. 1995)); see also *United States v. Mathena*, 23 F.3d 87 (5th Cir. 1994) (policy statements contained in Chapter 7 of the Sentencing Guidelines applicable to sentencing a defendant upon revocation of supervised release are advisory only.).

that Defendant committed the offense of Possession of a Controlled Substance Penalty Group 1 (methamphetamine) and to jointly request a sentence of 10 months of imprisonment to be followed by 16 months of supervised release. After the Court explained to Defendant his right to a revocation hearing, he waived his right to a revocation hearing and entered a plea of "true" to the portion of Allegation 7 of the petition alleging that Defendant committed the offense of Possession of a Controlled Substance Penalty Group 1 (methamphetamine). The Government requested that the sentence of imprisonment run consecutively to the sentence imposed in Case No. 007-1146-22 in the 7th Judicial District Court in Smith County, Texas. Defendant requested that the sentence run partially concurrent with the Smith County case sentence. Defendant also requested a recommendation to the Bureau of Prisons to confine him at FCI Texarkana.

### *Findings and Conclusions*

I find that Defendant is competent and that his plea and waiver of the revocation hearing was knowingly and voluntarily made. I accept Defendant's plea and find by a preponderance of the evidence that the portion of Allegation 7 of the petition alleging that Defendant committed the offense of Possession of a Controlled Substance Penalty Group 1 (methamphetamine) is true. Defendant is guilty of a Grade B supervised release violation. I further find and conclude that Defendant's term of supervised release should be revoked and that he should be sentenced to 10 months of imprisonment, to run consecutively to the sentence imposed in the 7th Judicial District Court in Smith County, Texas, in Case No. 007-1146-22, to be followed by 16 months of supervised release. Any criminal history monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

## RECOMMENDATION

In light of the foregoing, it is recommended that Defendant's plea of true to the portion of Allegation 7 of the petition alleging that Defendant committed the offense of Possession of a Controlled Substance Penalty Group 1 (methamphetamine) be **ACCEPTED** and that Defendant's term of supervised release be **REVOKED**. It is further recommended that Defendant be sentenced to 10 months of imprisonment, to run consecutively to the sentence imposed in Case No. 007-1146-22 in the 7th Judicial District Court in Smith County, Texas, to be followed by 16 months of supervised release. Any criminal monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances. It is finally recommended that the Court request the Bureau of Prisons to designate Defendant to FCI Texarkana.

Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified Defendant of his right to object to this Report and Recommendation and to be present and allocute before being sentenced by the Court. Defendant waived those rights and executed a written waiver in open court. The Government also waived its right to object to the Report and Recommendation. It is therefore recommended that the Court revoke Defendant's supervised release and enter a Judgment and Commitment for him to be sentenced to 10 months of imprisonment, to run consecutively to the sentence imposed in Case No. 007-1146-22 in the 7th Judicial District Court of Smith County, Texas, followed by 16 months of supervised release.

So ORDERED and SIGNED this 3rd day of October, 2022.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE