IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** § | |
| § | |
| § | **CASE NUMBER 6:13-CR-00039-JCB** |
| **v.** § | |
| § | |
| § | |
| § | |
| **MICHAEL DANGELIO JOHNSON (4),** § | |
| § | |

### REPORT & RECOMMENDATION OF
### UNITED STATES MAGISTRATE JUDGE

On June 24, 2024, the court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Michael Dangelio Johnson. The government was represented by Lucas Machicek, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Ken Hawk, Federal Public Defender.

Defendant originally pled guilty to the offense of Interference with Commerce by Threats or Violence – Hobbs Act, a Class C felony. This offense carried statutory maximum imprisonment terms of 20 years. The guideline imprisonment range, based on total offense level of 29 and criminal history category of I, was 87 to 108 months. On December 9, 2014, U.S. District Judge Michael Schneider sentenced Defendant to 100 months imprisonment, followed by 3 years of supervised release subject to the standard conditions of release, plus special conditions to include financial penalty, financial disclosure, prohibition on gambling, drug testing and treatment, and obtain GED. On October 7, 2022, the original term of supervision was revoked and resulted in 10 months imprisonment followed by 16 months of supervised release. On November 30, 2023, Defendant completed his period of imprisonment and began service of the supervision term. On

March 27, 2024, Defendant's conditions of supervised release were modified to include 180 days in a residential reentry center.

Under the terms of supervised release, Defendant was required to refrain from unlawful possession of a controlled substance. In its petition, the government alleges that Defendant violated his conditions of supervised release when he tested positive for amphetamine and methamphetamine on February 13, 2024, February 26, 2024, March 11, 2024, and April 18, 2024. The government submits that Fifth Circuit case law permits the court to find that illicit drug use constitutes possession.

If the court finds by preponderance of the evidence that Defendant violated the conditions of supervised release by possessing methamphetamine, Defendant will have committed a Grade B violation. U.S.S.G. § 7B1.1(a). Upon finding of a Grade B violation, the court shall revoke supervised released. U.S.S.G. § 7B1.3(a)(1). Considering Defendant's criminal history category of I, the Guideline imprisonment range for a Grade B violation is 4 to 10 months. U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to the Grade B violation of the conditions of supervision referenced above by possession of controlled substances as alleged in the government's petition. In exchange, the government recommended to the court a sentence of 8 months imprisonment with no supervised release to follow.

The court therefore **RECOMMENDS** that Defendant's plea of true be accepted and he be sentenced to 8 months imprisonment with no supervised release to follow. The court further **RECOMMENDS** that Defendant serve his sentence at FCI Texarkana, Texas, if available, and

that Defendant receive drug treatment. The parties waived their right to objections so this matter shall be immediately presented to the District Judge for consideration.

**So ORDERED and SIGNED this 24th day of June, 2024.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE